99 F.3d 1144
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
OSCEOLA SCHOOL DISTRICT; Marianna School District; Dorothy
Adams, as Next Friend of Jonathan Adams, a Minor; Janett
Billups, as Next Friend of Jeremiah Billups, a Minor;
Janice Fraction, as Next Friend of Delamar Fraction, a
Minor; and Donald Littleton, as Next Friend of Don
Littleton, a Minor, Appellants,
v.
ARKANSAS ACTIVITIES ASSOCIATION; Lamar Cole, Executive
Director of the Arkansas Activities Association; and Scott
Stone, Roy Kirkland, Ed Sellers, Bob Evans, Jerry Bush,
Charlotte Wright, Bobby Harper, Richard Blevins, Calvin
Estes, Bill Barnes, John Selph, and Charles Ferriter,
Individually and in Their Respective Official Capacities as
Members of the Executive Committee of the Arkansas
Activities Association, Appellees,
and
Arkansas State Board of Education and Arkansas Department of
Education, Defendants.
 No. 96-1187.
 United States Court of Appeals, Eighth Circuit.
 Submitted Sept. 13, 1996.
Decided Oct. 4, 1996.
 
 Before McMILLIAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiffs appeal from the denial of a preliminary injunction against the Arkansas Activities Association, its executive director, and the members of its executive committee. After a two-day hearing, the district court[1] denied a motion for preliminary injunctive relief that would have allowed two school districts to participate in the AAA classification for athletic competition.
 
 
 2
 In determining whether to issue a preliminary injunction, a district court must consider "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that [the] movant will succeed on the merits; and (4) the public interest." Dataphase Systems, Inc. v. CL Systems, Inc., 640 F.2d 109, 114 (8th Cir.1981) (en banc ). Our review of the district court's action in this case is for "an abuse of discretion or misplaced reliance on an erroneous legal premise." Modern Computer Systems, Inc. v. Modern Banking Systems, Inc., 871 F.2d 734, 737 (8th Cir.1989) (en banc ).
 
 
 3
 We have read all of the materials submitted by the parties, including the transcript of the hearing, and have considered the arguments made. We grant the motion to supplement the appendix. We conclude that the district court committed no error in applying the Dataphase considerations to the case at hand and therefore affirm the order denying a preliminary injunction. We remand the case for further proceedings. See 8th Cir. R. 47B.
 
 
 
 [1]
 The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas